# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL,<br><br>             Plaintiff,<br><br>   v.<br><br>S. HEBERLING AND<br>JASPER O. SCHEER,<br><br>             Defendants._____/ | CASE NO. 1:12-cv-01248-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AS MOOT<br><br>(ECF No.15) |

Plaintiff Horace Bell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 27, 2012, Defendants removed this action to federal court. (ECF No. 2.) On August 15, 2012, Plaintiff filed a motion for an extension of time to file exhibits in support of his complaint. (ECF No. 11.) On November 26, 2012, the Court issued an order denying the extension of time as unnecessary. (ECF No. 14.) On December 26, 2012, Plaintiff filed a motion for reconsideration. (ECF No. 15.)

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must

1

demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

    The Court already notified Plaintiff in its previous order that a motion to extend time was unnecessary and that Plaintiff may amend his complaint without leave of the Court. (ECF No. 14.) Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend the pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a plaintiff may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has not been served and Plaintiff has not previously amended his complaint. Therefore, Plaintiff may currently file an amended complaint without leave of the Court. However, if a responsive pleading were filed or if Plaintiff sought to amend his complaint a second time, then leave of the Court or Defendants' written consent would be required. See Fed. R. Civ. P. 15(a). Thus, a motion for reconsideration is moot in this case. To the extent that Plaintiff seeks other relief from the Court, at this time the Court is unable to determine what, if any, relief Plaintiff seeks.

    Accordingly, it is hereby ORDERED that Plaintiff's motion for reconsideration is DENIED as moot.

IT IS SO ORDERED.

    Dated:   **March 1, 2013**

                                              UNITED STATES MAGISTRATE JUDGE