IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | 1:12-cv-01248-AWI-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| S. HEBERLING, et al., | |
| Defendants. | (ECF No. 18) |

Plaintiff Horace Bell ("Plaintiff"), a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in state court. On July 27, 2012, Defendants removed the action to federal court. (ECF No. 2.) On March 25, 2013, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 18.) In the motion seeking the appointment of counsel, Plaintiff states that "imminent danger" exists and he requires counsel assist with prosecution of his case and for a protective order. To the extent that Plaintiff seeks a protective order, Plaintiff must file a separate motion requesting such action.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the

1  Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to
2  articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer 560
3  F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither
4  consideration is dispositive and they must be viewed together. Palmer 560 F.3d at 970 (citation
5  and quotation marks omitted); Wilborn 789 F.2d at 1331.

6      In the present case, the Court does not find the required exceptional circumstances exist
7  at this time. Plaintiff is an experienced litigant in this Court. Even if it is assumed that Plaintiff
8  is not well versed in the law and that he has made serious allegations which, if proved, would
9  entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost
10 daily. Therefore, Plaintiff's request for the appointment of counsel is HEREBY DENIED,
11 without prejudice.

13 IT IS SO ORDERED.

14     Dated:   **March 28, 2013**

                                    UNITED STATES MAGISTRATE JUDGE