1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    HORACE BELL,                                  CASE NO. 1:12-cv-01248-AWI-SAB (PC)

10                         Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                                    RECOMMENDING TO DENY PLAINTIFF'S
11          v.                                      MOTION FOR PRELIMINARY INJUNCTIVE
                                                    RELIEF
12   S. HEBERLING AND
     JASPER O. SCHEER,                              (ECF No. 20)
13
                         Defendants.
14   _____/

15

16          Plaintiff Horace Bell ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights

17   action pursuant to 42 U.S.C. § 1983 in the Superior Court of Kings County.   On July 27, 2012,

18   Defendants removed the case to federal court. (ECF No. 2.)  On April 10, 2013, Plaintiff filed a

19   motion for protective order.  (ECF No. 20.)  The Court construes this motion as a motion for a

     preliminary injunction.
20
            "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.
21
     Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A
22
     plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,
23
     that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
24
     equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).
25
     An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id.
26
     at 22 (citation omitted).
27
            Federal courts are courts of limited jurisdiction and in considering a request for preliminary
28

1

1    injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before

2    it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665

3    (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454

4    U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).   If the Court does not have an actual case or

5    controversy before it, it has no power to hear the matter in question.  Id.  "[The] triad of injury in

6    fact, causation, and redressability constitutes the core of Article III's case-or-controversy

7    requirement, and the party invoking federal jurisdiction bears the burden of establishing its

8    existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998).

9    Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison

10   Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,

11   extends no further than necessary to correct the violation of the Federal right, and is the least

12   intrusive means necessary to correct the violation of the Federal right."

13          The events at issue in this action occurred in 2011 while Plaintiff was housed at California

14   State Prison in Corcoran, California.  (ECF No. 4.)  Plaintiff is now housed at the High Desert State

15   Prison in Susanville, California, and the order sought is aimed at remedying his current conditions

16   of confinement at that prison.  The case or controversy requirement cannot be met in light of the fact

17   that the issue Plaintiff seeks to remedy in his motion bears no relation, jurisdictionally, to the past

18   events at California State Prison, Corcoran, giving rise to this suit.  Lyons, 461 U.S. at 102; Summers

19   v. Earth Island Inst., 555 U.S. 492-93, 129 S.Ct. 1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-

20   04.  Because the case-or-controversy requirement cannot be met, the pendency of this action provides

21   no basis upon which to award Plaintiff injunctive relief.  Id.  The only relief available to Plaintiff in

22   this action, should he prevail, is money damages for the past violation of his constitutional rights

23   while housed at California State Prison, Corcoran in 2011.

24          To the extent Plaintiff believes he is in danger, he has other avenues of relief available to

25   him.  See In re Estevez, 83 Cal. Rptr. 3d 479, 491 (Cal. Ct. App. 2008).  The issue is not that

26   Plaintiff's allegations are not serious or that Plaintiff is not entitled to relief if sought in the proper

27   forum.  The issue is that this action cannot be used by Plaintiff obtain the relief he seeks.  The

28   seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not overcome

1    what is a jurisdictional bar.  Steel Co., 523 U.S. at 103-04.

2         Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary

3    injunctive relief, filed April 10, 2013, be DENIED.

4         These Findings and Recommendations will be submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

6    after being served with these Findings and Recommendations, the parties may file written objections

7    with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

8    Recommendations."  The parties are advised that failure to file objections within the

9    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

10   1153 (9th Cir. 1991).

11

12

13   IT IS SO ORDERED.

14        **Dated:    April 12, 2013**

15                                              UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28