UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S HEBERLING, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-01248-AWI-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 4] |

　　　　Plaintiff Horace Bell is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the instant complaint on March 21, 2012, in the Kings County Superior Court. On July 27, 2012, the complaint was removed from the Kings County Superior Court to this Court by Defendants S. Heberling and J. Scheer.

**I.**

**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

Plaintiff suffers from a disability and requires the use of a wheelchair. Plaintiff contends that the caregiver program at Corcoran State Prison is inadequate and only benefits the staff and caregivers. The duties of the caregivers are critical to Plaintiff's major life functions, and the caregivers do not want to fulfill their obligations. No daily logs are maintained by the caregivers to ensure that the lawful duties are performed. The logs are not maintained in an attempt to cover-up the fraud, malice, and oppression by the caregivers.

Defendant S. Heberling has a long standing intimate friendship with her caregivers. Defendant E. Nesmith and Sheer have improper personal relationships with the caregivers.

# III.

# DISCUSSION

### A.     Americans with Disabilities Act

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Plaintiff alleges that the ADA has been violated by inadequate care to accommodate his disability. First, Plaintiff names the defendants acting in their individual capacities which is not cognizable under a Title II ADA claim. A.W. v. Jersey City Public Schools, 486 F.3d 791, 804 (3d Cir. 2007); Green v. City of New York, 465 F.3d 65, 78-79 (2d Cir. 2006); Roundtree v. Adams, No. 1:07-cv-006502 OWW LJO, 2005 WL 3284405, at *8 (E.D. Cal. Dec. 1, 2005). Further, Plaintiff has failed to allege fact to demonstrate that the alleged failure to accommodate him was "by reason of the plaintiff's disability." Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). Therefore, Plaintiff's ADA claim must be dismissed. However, with these considerations in mind, the Court will grant Plaintiff leave to amend his Title II ADA claim in an amended complaint.

### B.     Eighth Amendment Inhumane Conditions

In his complaint, Plaintiff states "[t]hrowing Plaintiff to the floor to clean up under a bed is cruel and unusual, is inhumane. Plaintiff has to throw himself to the floor to clean the cell 'regularly.'" (Compl. at 2.)

1    The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners
2 not only from inhumane methods of punishment but also from inhumane conditions of confinement.
3 Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825,
4 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981))
5 (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and
6 harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045
7 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of
8 legitimate penological purpose or contrary to evolving standards of decency that mark the progress of
9 a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and
10 citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.
11    Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,
12 clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.
13 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in
14 prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To
15 maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately
16 indifferent to a substantial risk of harm to his health or safety.  Farmer, 511 U.S. at 847; Thomas v.
17 Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir.
18 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th
19 Cir. 1998).
20    Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of
21 state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.
22 Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff is required to set forth
23 sufficient factual allegations demonstrating each defendant's personal participation in the deprivation
24 of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).
25    Plaintiff fails to link a named defendant to his allegations regarding the conditions of his
26 confinement.  Plaintiff merely makes the vague allegation that he is required to throw himself on the
27 floor to clean under his bed, but he fails to link a named defendant pursuant to Iqbal, 556 U.S. at 678-
28 679.  Thus, Plaintiff's allegation does not make clear what actions any of the named defendants

engaged in. Plaintiff's conclusory allegation is insufficient to state a claim for relief. However, Plaintiff will be given the opportunity to amend this claim by filing an amended complaint.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 19, 2011, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 8, 2013**

UNITED STATES MAGISTRATE JUDGE