# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | Case No. 1:12-cv-01248-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| S. HEBERLING, et al., | ECF NO. 34 |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

**I.**

**INTRODUCTION**

Plaintiff Horace Bell ("Plaintiff") is a state prisoner proceeding pro se in this action pursuant to 42 U.S.C. § 1983. This action was removed from state court on July 27, 2012. (ECF No. 1.) The Court screened and dismissed Plaintiff's original complaint on November 8, 2013. (ECF No. 33.) This action proceeds on the First Amended Complaint filed on November 20, 2013. (ECF No. 34.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint states some cognizable claims.

/ / /

/ / /

/ / /

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

The events described in Plaintiff's complaint took place while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California

("CSATF/SP").  Plaintiff names S. Heberling (sergeant), J. Sheer (correctional officer), and E. Nesmith (correctional officer) as defendants in this action (all defendants collectively referred to as "Defendants").

Plaintiff alleges that he is wheelchair bound and that Defendants "formed a friendship with caregivers to pay $50.00 a month but did not bind the caregivers to perform caregiver duties."  (First Am. Compl. 4.)  As a result, Plaintiff contends that he was "excluded ... from participation in the benefits of caregiver service."  (First Am. Compl. 4.)  Plaintiff further alleges that caregivers were "high on drugs" and "sought payment from Plaintiff for help."  (First Am. Compl. 4.)

Plaintiff wrote administrative appeals and letters complaining about the caregivers.  (First Am. Compl 5.)  Plaintiff contends that Defendants threw the letters in the trash.  (First Am. Compl. 6.)  Plaintiff further alleges that Defendants had gang members attack Plaintiff in the yard because "Plaintiff is a rat, snitch."  (First Am. Compl. 6.)

## IV.

## DISCUSSION

### A.   Eighth Amendment Claims

Plaintiff claims that Defendants violated the Cruel and Unusual Punishments Clause of the Eighth Amendment.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).  Second, "a prison official must have a 'sufficiently culpable state of mind.' [Citations.]  In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety."  Id.  A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

3

1 Id. at 837.

2 Plaintiff contends that Defendants told gang members to attack Plaintiff and labeled
3 Plaintiff a snitch. Plaintiff states a cognizable claim against Defendants for violating Plaintiff's
4 rights under the Eighth Amendment.

5 **B.     Plaintiff's Claims Regarding Caregiver Assistance**

6 Plaintiff contends that caregivers refused to provide Plaintiff with assistance because they
7 were friends with Defendants. These allegations do not support any cognizable claims.

8 Plaintiff's allegations regarding caregiver assistance do not support any cognizable
9 claims under the Eighth Amendment. Plaintiff fails to allege facts that plausibly support the
10 conclusion that Defendants' actions with respect to Plaintiff's caregivers caused a sufficiently
11 serious deprivation or that Defendants' acted with deliberate indifference.

12 Plaintiff's allegations regarding caregiver assistance does not support any cognizable
13 claims under the American's with Disabilities Act ("ADA"). To state a cognizable claim under
14 the ADA, Plaintiff must allege that he was excluded from participation or otherwise
15 discriminated against by reason of his disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th
16 Cir. 2002). Plaintiff alleges that he was not provided with caregiver assistance because the
17 caregivers were lazy and because they were friends with Defendants, not by reason of Plaintiff's
18 disability. Accordingly, Plaintiff's allegations do not support a claim under the ADA.

19 The Court previously informed Plaintiff of the deficiencies in his claims regarding
20 caregiver service. Accordingly, finds that Plaintiff's claims are not capable of being cured by
21 granting further leave to amend and the Court will dismiss these claims without leave to amend.
22 See Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

23 **V.**

24 **CONCLUSION AND RECOMMENDATION**

25 For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint
26 states cognizable claims against Defendants S. Heberling, J. Sheer, and E. Nesmith for violating
27 Plaintiff's rights under the Eighth Amendment by telling gang members to attack Plaintiff.
28 However, Plaintiff's First Amended Complaint does not state any other cognizable claims. The

Court finds that leave to amend should be denied because Plaintiff's non-cognizable claims cannot be cured by granting further leave to amend.

Accordingly, it is HEREBY RECOMMENDED that this action proceed solely on Plaintiff's Eighth Amendment claims against Defendants for sending gang members to attack Plaintiff and that all other claims be DISMISSED, without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 24, 2014**

UNITED STATES MAGISTRATE JUDGE

5