UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL,<br><br>   Plaintiff,<br><br>   v.<br><br>S HEBERLING, et al.,<br><br>   Defendants. | Case No.: 1:12-cv-01248-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO COMPEL THE FILING AND PROCESSING OF HIS ADMINISTRATIVE REMEDY<br><br>[ECF No. 58] |

Plaintiff Horace Bell is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 26, 2015, Plaintiff filed a motion to compel the filing and processing of his administrative remedy. The Court construes Plaintiff's motion as a request for a preliminary injunction.

**I.**

**DISCUSSION**

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction … is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of right before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far

1

reaching power not to be indulged except in a case clearly warranting it. <u>Dymo Indus. V. Tapeprinter, Inc.</u>, 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" <u>Stormans, Inc., v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, Plaintiff has not met his burden of proving that he is likely to succeed on the merits. Nor has Plaintiff shown that he will suffer irreparable harm in the absence of injunctive relief. Although Plaintiff requests the Court order prison officials to process a grievance, there is no discernable irreparable injury to him if he is unable to process such grievance. Plaintiff has also not demonstrated that the balance of equities tips in his favor, or that an injunction is in the public interest. As Plaintiff has failed to meet his burden of proving that he is entitled to a preliminary injunction, his motion must be denied.

## II.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time //
//
//

may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 5, 2015**

UNITED STATES MAGISTRATE JUDGE