UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL,<br><br>        Plaintiff,<br><br>    v.<br><br>S HEBERLING, et al.,<br><br>        Defendants. | Case No.: 1:12-cv-01248-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER AND DIRECTING CLERK'S OFFICE TO SERVE A COPY OF THIS ORDER ON WARDENS AT KERN VALLEY STATE PRISON AND HIGH DESERT STATE PRISON<br><br>(ECF Nos. 62, 63) |

        Plaintiff Horace Bell is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claims that Defendants Heberling, Scheer, and Nesmith violated Plaintiff's rights under the Eighth Amendment by telling gang members to attack him. (ECF No. 42.) On February 9, 2015, Plaintiff filed a motion and an amended motion for an emergency temporary restraining order prohibiting him from being transferred to High Desert State Prison ("HDSP"). (ECF Nos. 62, 63.) From what the Court is able to discern, Plaintiff alleges that he was previously attacked while at HDSP. Plaintiff states that "25'er gang members" are uncontrolled on all sensitive needs yards and his life will be in imminent danger if he is rehoused at HDSP.

        The federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the

actual case or controversy.  18 U.S.C. § 3626(a)(1)(A); <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493 (2009); <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 103-04 (1998); <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101 (1983); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010).  Plaintiff's claim in this action arises from a past incident in which he alleges that the defendants told gang members to attack him.  The pendency of this action does not confer on the Court jurisdiction to issue an order prohibiting the California Department of Corrections and Rehabilitation from transferring Plaintiff to HDSP because such an order would not remedy the underlying legal claim, which involves Defendants' past conduct.  18 U.S.C. § 3626(a)(1)(A); <u>Summers</u>, 555 U.S. at 495; <u>Steel Co.</u>, 523 U.S. at 103-04; <u>Lyons</u>, 461 U.S. at 101; <u>Mayfield</u>, 599 F.3d at 969.

However, based on the allegation that Plaintiff's would be in imminent danger if he were to be transferred to HDSP, the Court shall serve a courtesy copy of this order on the wardens of the involved institutions.  The Court requests the Warden where Plaintiff is currently housed and the Warden of HDSP to ensure that appropriate precautions are taken to ensure Plaintiff's safety.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a temporary restraining order is DENIED; and
2. The Clerk of the Court is directed to serve a courtesy copy of this order on the Wardens of Kern Valley State Prison and High Desert State Prison.

IT IS SO ORDERED.

Dated:   February 11, 2015              _____
                                         SENIOR  DISTRICT  JUDGE

2