UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, a.k.a. Horace Thomas,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S HEBERLING, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01248-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TRANSFER TO FEDERAL PROTECTIVE CUSTODY<br><br>[ECF No. 68] |

　　Plaintiff Horace Bell is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　On February 26, 2015, Plaintiff filed a motion requesting a transfer to federal protective custody. Plaintiff contends that he is subject to transfer to California Substance Abuse Treatment Facility, Corcoran State Prison (SATF). Plaintiff appears to indicate that "25'er gang members" control the yard and his life will be in imminent danger if he is rehoused to SATF.

　　The federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff's claim in this action arises from a past incident in which he was attacked by other

1

inmates on the sensitive needs yard.  The pendency of this action does not confer on the Court jurisdiction to issue an order prohibiting the California Department of Corrections and Rehabilitation from transferring Plaintiff to SATF because such an order would not remedy the underlying legal claim, which involves Defendants' past conduct.  18 U.S.C. § 3626(a)(1)(A); <u>Summers</u>, 555 U.S. at 495; <u>Steel Co.</u>, 523 U.S. at 103-04; <u>Lyons</u>, 461 U.S. at 101; <u>Mayfield</u>, 599 F.3d at 969.

However, based on the allegation that Plaintiff's would be in imminent danger if he were to be transferred to SATF, the Court shall – for a second time – serve a courtesy copy of this order on the wardens of the involved institutions.  The Court requests the Warden where Plaintiff is currently housed and the Warden of SATF to ensure that appropriate precautions are taken to ensure Plaintiff's safety.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for a temporary restraining order is DENIED; and
2. The Clerk of the Court is directed to serve a courtesy copy of this order on the Wardens of Kern Valley State Prison and California Substance Abuse and Treatment Facility, Corcoran State Prison.

IT IS SO ORDERED.

Dated:   April 2, 2015                                    _____
                                                SENIOR  DISTRICT  JUDGE