UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE THOMAS,<br><br>           Plaintiff,<br><br>      v.<br><br>S HEBERLING, et al.,<br><br>           Defendants. | Case No.: 1:12-cv-01248-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>[ECF No. 70] |

Plaintiff Horace Bell is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 4, 2015, Plaintiff filed a motion to amend the complaint, along which a proposed amended complaint which was lodged.[1]  (ECF Nos. 70, 71.)  Defendants filed an opposition on March 25, 2015, and Plaintiff filed a reply on April 1, 2015.  (ECF Nos. 77, 83.)

This action is proceeding on Plaintiff's first amended complaint, filed November 20, 2013, against Defendants S. Heberling, J. Sheer, and E. Nesmith for a violation of the Eighth Amendment by telling gang members to attack Plaintiff.  Defendants filed an answer to Plaintiff's first amended complaint on January 8, 2015.  (ECF No. 52.)

---

[1] On March 26, 2015, Plaintiff filed a notice of appeal relating to the denial of his request for a preliminary injunction with the United States Court of Appeals for the Ninth Circuit.  (ECF No. 78.)  Plaintiff's appeal was denied on May 11, 2015.  (ECF No. 101.)

In his motion to amend, Plaintiff indicates that since filing the original complaint, Defendant Heberling had Plaintiff attacked. On October 29, 2012, correctional officers J. Arana and D. Randwated told Plaintiff "like to file lawsuits" and dumped Plaintiff out of his wheelchair. On February 10, 2013, Plaintiff learned that Defendant Heberling's friend W. Hanks had Plaintiff assaulted.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party who has already amended its pleading once, "may amend its pleading only with the opposing party's written consent or the court's leave." "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

Further, while the Court is mindful of the liberality of Rule 15(a) and the leniency accorded pro se litigants, the Court may properly deny leave to amend both if the proposed amendment is futile, e.g., Woods v. City of San Diego, 678 F.3d 1075, 1082 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1105-1106 (9th Cir. 2011); Carrico v. City and County of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011), and where the party seeking amendment knew or should have known of the facts upon which the proposed amendment is based but failed to include them in the original complaint, E.E.O.C. v. Boeing, Co., 843 F.2d 1213, 1222 (9th Cir. 1988). Finally, the "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

On January 24, 2014, the Court screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable Eighth Amendment claim against Defendants Heberling, Sheer, and Nesmith (all employees of California Substance Abuse Treatment Facility (CSATF)).[2] By way of motion to amend, Plaintiff now seeks to amend the complaint to include claims against three

---

[2] Plaintiff claim under the American's with Disabilities Act was dismissed for failure to state a cognizable claim for relief. (ECF Nos. 36, 42.)

correctional officers Rainwater, Arana, and Hanks (all employees of High Desert State Prison (HDSP)). (ECF No. 71 at 4.) Plaintiff contends that on October 29, 2012, Rainwater and Arana told him that they heard he liked to file lawsuits. (Id.) Plaintiff attempts to attributes this comment to Defendants Heberling, Scheer and Nesmith by reference to "grapevine." (Id.) Plaintiff then claims that he was dumped out of his wheelchair, but he does not specify who did it or how it happened. (Id.) Plaintiff further claims that Rainwater then stated the Plaintiff was "not the first to be dump[ed] out of [his] wheelchair." (Id.) Plaintiff alleges that on February 10, 2013, Hanks "had Plaintiff brutally assaulted and hospital[ized] due to grapevine from Defendants Heberling, Scheer, and Nesmith." (Id.) Based on the dates alleged in the proposed second amended complaint and Plaintiff's motion to amend, it is clear that Plaintiff knew of the additional claims against Rainwater, Arana and Hanks for which he now seeks to amend-well before he filed the amended complaint on November 20, 2013. Plaintiff has failed to provide any reason for the two year delay in presenting such claim. Indeed, the Court previously gave Plaintiff opportunity to amend his complaint, which he did on November 20, 2013, after both of the incidents for which he seeks to amend took place. Thus, Plaintiff could have, but did not, include the proposed amendments in his first amended complaint.

Furthermore, Plaintiff's amendment of the complaint is futile because the amendments Plaintiff proposes would add claims and parties unrelated to the instant case. As previously stated, officers Rainwater, Arana and Hanks work at HDSP, whereas Defendants Heberling, Nesmith and Scheer are employees at CSATF. (ECF No. 71 at 4.) Under Federal Rule of Civil Procedure 20(a)(2), multiple defendants may be sued in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or face common to all defendants." "Unrelated claims against different defendants belong in different suits …." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citation omitted). Plaintiff attempts to link the CSATF and HDSP employees by his reference to "Grapevine by Defendants Heberling, Scheer, Nesmith." (ECF No. 71 at 4.) This reference and allegation is vague, conclusory and speculation without any factual support. Plaintiff fails to explain how he has any personal knowledge with respect to any information that may have been passed from Defendants to the HDSP employees, or even the reference to

3

"grapevine" entails. Such allegation is insufficient to establish a link between actions or omissions of each named defendant and the violation of his rights. See, e.g., Witkin v. Swarthout, No. 2:13-cv-01931, 2015 WL 471780 at *5 (E.D. Cal. Feb. 4, 2015) ("A plaintiff's mere speculation that there is a casual connection is insufficient" to state a claim). Based on the foregoing, Plaintiff's motion to amend is DENIED.

IT IS SO ORDERED.

Dated:   **May 13, 2015**

UNITED STATES MAGISTRATE JUDGE