UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S HEBERLING, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-01248-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 69] |

Plaintiff Horace Bell is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 27, 2015, Plaintiff filed a motion to compel.[1]  (ECF No. 69.)  Defendants filed an opposition on March 19, 2015.  (ECF No. 75.)  Plaintiff filed a reply on March 27, 2015.  (ECF No. 81.)

Plaintiff seeks to compel a response to his first request for production of documents served on Defendants on January 19, 2015.

---

[1] On March 26, 2015, Plaintiff filed a notice of appeal relating to the denial of his request for a preliminary injunction with the United States Court of Appeals for the Ninth Circuit.  (ECF No. 78.)  Plaintiff's appeal was denied on May 11, 2015.  (ECF No. 101.)

In opposition, Defendants indicate that at the time Plaintiff filed his motion to compel their responses to his discovery request had not yet come due, and Defendants provided a timely response to Plaintiff's request on March 4, 2015.

# I.

# DISCUSSION

### I. Motion to Compel

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. . . . if a party fails to answer an interrogatory submitted under Rule 33[.]" Fed. R. Civ. P. 37(a)(3)(iii).

Pursuant to the Court's January 9, 2015, discovery and scheduling order, discovery may be conducted until September 9, 2015. (ECF No. 53.) The order also specified that the due date for discovery responses was forty-five days after the discovery request is served and Federal Rule of Civil Procedure 6(d) provides for three additional days for mailing. As previously stated, Plaintiff serviced his request for production of documents on January 19, 2015, and Defendants' responses were not due until March 8, 2015. Defendants provided a response to Plaintiff's requests on March 4, 2015. Thus, Plaintiff's motion to compel, filed February 22, 2015, is PREMATURE and shall be DENIED.

### II. Reasonable Expenses Incurred in Opposing Motion to Compel

In opposing Plaintiff's motion to compel, Defendants seek the reasonable expenses incurred in opposing the motion. Plaintiff opposes Defendants' request for expenses.

If a motion to compel is denied, the Court must, after giving an opportunity to be heard, require the movant to pay the party who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(B). The Court may not order the payment of expenses if the motion was substantially justified or other circumstances make an award of expenses unjust. Id.

The Court declines to impose sanctions. In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the

party." <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 899, 905 (9th Cir. 2002) (quoting <u>United States v. Kahaluu Constr. Co., Inc.</u>, 857 F.2d 600, 603 (9th Cir. 1988) (citations omitted)).  Here, the Court finds no willfulness, bad faith, or fault on Plaintiff's part sufficiently grievous to justify an award of expenses.  Given that Plaintiff is proceeding pro se (and in forma pauperis), the Court will not order Plaintiff to pay Defendants expenses incurred by opposing Plaintiff's motion.  However, Plaintiff is cautioned that the filing of frivolous motions can and may result in the imposition of the reasonable expenses incurred by Defendants in opposing said motion.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel is DENIED; and
2. Defendants' request to impose sanctions by way of reimbursement of expenses is DENIED.

IT IS SO ORDERED.

Dated:  **May 13, 2015**

UNITED STATES MAGISTRATE JUDGE