UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE THOMAS, a.k.a Horace Bell,<br><br>    Plaintiff,<br><br>    v.<br><br>S HEBERLING, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01248-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL<br><br>[ECF No. 76] |

Plaintiff Horace Bell is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 23, 2015, Plaintiff filed a second motion to compel. Defendants filed an opposition on April 14, 2015.

This action is proceeding against Defendants S. Herberling, J. Sheer, and E. Nesmith for a violation of the Eighth Amendment.

**I.**

**DISCUSSION**

**A.**    **Legal Standard**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to

1

involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶5. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.     Motion to Compel**

Plaintiff seeks to compel responses to his request for productions numbers four and five. Defendants responded to Plaintiff's requests on March 4, 2015. Plaintiff specifically seeks to compel Defendants to locate and produce all formal and informal written complaints against them, regardless of subject matter and time. (ECF No. 76.) Defendants oppose Plaintiff's motion because they have either responded fully to each of the requests at issue, or have properly objected.

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.

3

Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

 1. Request Number 4

**Production of Document Number 4**: "Personnel files of each"

**Response:** Objection. This request is vague and ambiguous in that it does not specify whose personnel files Plaintiff is seeking. To the extent that Plaintiff seeks the complete personnel files of each defendant, the request is unduly burdensome, overly broad, seeks information not relevant to any claim or defense at issue in this lawsuit, and is thus not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of Defendants, (2) jeopardize the security of the institution, or (3) violate Defendants' privacy rights. Additionally, the production of confidential information is improper on the grounds that an inmate is not permitted to have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d). Personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-1034 (9th Cir. 1991). Personnel files are also protected federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations, Title 15 section 3400. And, personnel files are protected under California Evidence Code section 1040, et. seq., including section 1043. No documents will be produced in response to this request.

(ECF No. 76 at 6.)

**Ruling:** Plaintiff's motion to compel must be denied. Plaintiff's request for the "personnel files of each" is overbroad and seeks information that would not be relevant to this action. In addition, the request is vague as Plaintiff does not specify whose personnel files he is seeking. Notwithstanding the overbreath of Plaintiff's request, the Court cannot determine how the entire personnel files of each Defendant in this case is relevant to the specific claim that Defendants "labeled" Plaintiff a snitch and had gang members attack him on the yard. Indeed, the personnel files of each of the Defendants contains a vast array of information, and Plaintiff is entitled to peruse a fishing expedition based on claim for review of the entire personnel files. Plaintiff has not evidenced a good faith effort to draft a request reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff has failed to meet his burden as the moving party by showing that each of the Defendants' entire personnel files are relevant to his claim. In his motion to compel, Plaintiff merely submits that "due process" entitles him to documents sought because they are "wholly relevant," "reasonably calculated to lead to the discovery of admissible evidence," and "do not endanger the safety of defendants, or jeopardize the security of the institution, nor violate defendants' privacy rights." (ECF No. 76, Mot. at 2.) Plaintiff fails to provide any support for his legal conclusions and fails to fulfill his burden of demonstrating the relevant of the documents he is seeking.

  2.  <u>Request Number 5</u>

**Production of Document Number 5:** "Any and all formal and informal written complaints (including but not limited to 602 forms against each defendant during defendants employment as officers, supervisor.")

(Including all written responses, appeals, reports, investigations, and or correspondence regarding the complaints.)

**Response:** Objection. This request is overly broad and unduly burdensome, in that it fails to specify a time frame for the documents sought, and requests documents pertaining not only to plaintiff, but any inmate who has ever interacted with Defendants during their employment with the CDCR. Moreover, the request is unduly burdensome, as the documents Plaintiff requests are not stored in a single location, and would require Defendants to search the central files, many of which have been archived, of every inmate ever incarcerated at any institution where Defendants have ever worked, at any time during the course of Defendants' career, and are not in Defendants' possession, custody, or control.

> To the extent that Plaintiff seeks documents contained in Defendants' personnel files, or records maintained in the central file of other inmates, those records are deemed private and confidential under title 15 of the Code of Regulations, section 3321, and their disclosure could: (1) endanger the safety of other inmates and staff of the CDCR, (2) jeopardize the security of the institution, or (3) violate the privacy rights of other inmates and staff. Additionally, the production of confidential information is improper on the grounds that an inmate is not permitted access to information designated confidential. (Code Regs., tit. 15, § 3370(d).) Personnel-related files are subject to the official information privilege. (Evid. Code, §§ 1040-1047.) Personnel files are also protected by federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. And, personnel files are protected under California Evidence Code section 1040, et.seq., including section 1043.

(ECF No. 76 at 7.)

**Ruling:** Plaintiff's motion to compel must be denied. Plaintiff's present request is over broad as it is not limited to time and relevance to the claim at issue in this action. Plaintiff has not shown that all formal and informal written complaints (including but not limited to 602 forms against each defendant during defendants employment as officers, supervisor are relevant to this action. Plaintiff's argument that the requested documents are "in possession, custody, control of Defendants and the institution, CDCR, Personnel Board, and that they are "relevant to substantiate this misconduct issue," fail to address the overbreath problem of his request. Plaintiff's request as presently framed seeks information that is not relevant to the claim at issue here. Plaintiff's request is not limited in scope to documents within Defendants' possession, custody and control relevant the time-frame and claim at issue.

//
//
//
//
//
//
//

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated:   **May 15, 2015**

UNITED STATES MAGISTRATE JUDGE