UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE THOMAS, a.k.a Horace Bell, ) | Case No.: 1:12-cv-01248-AWI-SAB (PC) |
| Plaintiff, ) ) | |
| v. ) ) | ORDER DENYING PLAINTIFF'S THIRD AND FOURTH MOTIONS TO COMPEL |
| S HEBERLING, et al., ) ) | [ECF Nos. 85, 88] |
| Defendants. ) ) | |

Plaintiff Horace Bell is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 8, 2015, and April 13, 2015, Plaintiff filed motions to compel. (ECF Nos. 85, 88.) Defendants filed an opposition on April 29, 2015. (ECF No. 97.)

This action is proceeding against Defendants S. Herberling, J. Sheer, and E. Nesmith for a violation of the Eighth Amendment.

**I.**

**DISCUSSION**

**A.      Legal Standard**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to

1

involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶5. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.     Motions to Compel**

In his April 8, 2015, motion to compel, Plaintiff contends that in response to Plaintiff's second request for production of documents, "Defendants sent no viable documents." (ECF No. 85, Mot. at 1.)

In his April 13, 2015, motion to compel, Plaintiff requests that the Court "order Defendants to adequately respond to Plaintiff [sic] first set of interrogatories and not evade the process." (ECF No. 88, Mot. at 1.)

Defendants oppose on the ground that Plaintiff has failed to meet his burden of proof to compel further responses to his second request for production of documents and first set of interrogatories.

Plaintiff's motions to compel must be denied. Although Plaintiff may not be satisfied with Defendants' responses to his second request for production of documents or first set of interrogatories, Plaintiff does not make clear what responses and/or objections, if any, are at issue. Plaintiff bears the burden of identifying which responses are in dispute and providing sufficient information so that the Court can discern why he is challenging the response. It is insufficient for Plaintiff to merely attach

1 discovery responses to his motion to compel and claim he is not satisfied and requests a further
2 response.

**II.**

**ORDER**

For the foregoing reasons, Plaintiff's motions to compel, filed April 8, 2015, and April 13, 2015, are HEREBY DENIED.

IT IS SO ORDERED.

Dated: **May 15, 2015**

UNITED STATES MAGISTRATE JUDGE

discovery responses to his motion to compel and claim he is not satisfied and requests a further response.

**II.**

**ORDER**

For the foregoing reasons, Plaintiff's motions to compel, filed April 8, 2015, and April 13, 2015, are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **May 15, 2015**

UNITED STATES MAGISTRATE JUDGE