UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE THOMAS, a.k.a Horace Bell,<br><br>    Plaintiff,<br><br>    v.<br><br>S HEBERLING, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01248-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL<br><br>[ECF Nos. 95, 100] |

Plaintiff Horace Bell is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 27, 2015, and May 7, 2015, respectively, Plaintiff filed his fifth and sixth motions to compel. (ECF Nos. 95, 100.) Plaintiff seeks to compel further responses to his request for production of documents, sets three and four. Defendants filed an opposition to Plaintiff's motions to compel on May 19, 2015. (ECF No. 108.)

**I.**

**DISCUSSION**

**A.    Legal Standard**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to

1

involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶5. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.    Motion to Compel**

1.    Fifth Motion to Compel (ECF No. 95)

Plaintiff seeks to compel responses to his request for production of documents, sets three and four.

Plaintiff specifically moves to compel Defendants' responses to his request for production of documents set three, because "Defendants have failed to respond adequately and provided evasive and incomplete responses." (ECF No. 95 at 1.) Plaintiff contends that he will be unduly prejudiced without each request. (Id. at 1-2.)

In set three, Plaintiff's first and second requests for production seek Defendants' full personnel files and all formal and informal written complaints against them, without regard to subject matter and time. As stated in the Court's May 15, 2015, order denying Plaintiff' second motion to compel, "Plaintiff's request for the 'personnel files of each' is overbroad and seeks information that would not be relevant to this action. (ECF No. 106, Order at 5.) Plaintiff does not provide any further argument in his fifth motion to compel as to why he now claims he is entitled to such documents.

In the third request for production contained in set three, Plaintiff seeks all policies and procedures regarding reprisals or retaliation for filing a lawsuit or inmate appeal. (ECF No. 95 at 10.) Defendants correctly responded that this request is identical to Plaintiff's third request, contained in his second set of requests for production. (Id.) In their previous response to Plaintiff's third request contained in the second set of requests for production, Defendants noted that Plaintiff is not proceeding on a claim that any defendant retaliated against him for filing lawsuits or prison appeals. (ECF No. 85 at 3-4.) Rather, this action is proceeding against Defendants S. Herberling, J. Sheer, and E. Nesmith for labeling Plaintiff as a snitch and ordering him to be attacked on the yard in violation of the Eighth Amendment. Thus, this request seeks documents not relevant to any claim or defense at issue in this lawsuit, and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants submit that they nonetheless produced several responsive documents to Plaintiff. (ECF No. 108 at 3.) In this instant motion to compel, Plaintiff makes no attempt to explain how the documents requested are relevant to his claims or how the documents produced were inadequate. Without such a showing, Plaintiff has failed to meet his burden demonstrating that Defendants' responses and objections to his discovery requests were inadequate or unjustified. Accordingly, Plaintiff's fifth motion to compel must be DENIED.

        2.        <u>Sixth Motion to Compel (ECF No. 100)</u>

In his sixth motion to compel, Plaintiff seeks further responses to his request for production of documents, set four. (ECF No. 100.) In requests one and three, Plaintiff sought policies and procedures on two-fiver gangs within SATF and CDCR. Plaintiff merely contends in conclusory fashion that the requested documents are relevant to his claim, but Plaintiff fails to explain how the documents sought in these requests are relevant to his claim that Defendants labeled him a snitch and ordered him to be attacked on the yard. In addition, Plaintiff does not address the fact that Defendants produced non-confidential documents responsive to three of his production requests, nor does he explain how the documents produced are inadequate. Plaintiff also fails to address Defendants' objections to his discovery requests, beyond merely concluding that the documents sought are not confidential. (ECF No. 100 at 1.) Plaintiff bears the burden of identifying which responses are in dispute and providing sufficient information so that the Court can discern why he is challenging the

response. It is insufficient for Plaintiff to merely attach discovery responses to his motion to compel and claim he is not satisfied and requests a further response.

Plaintiff also seeks to compel Defendants to remove the video surveillance equipment from Facility D's yard at SATF and produce it to him. (ECF No. 100 at 2.) In response to Plaintiff's request, Defendants explained that, to the extent Plaintiff sought surveillance video footage, no such video exists, and therefore could not be produced. (Id. at 5.) Defendants also objected on various grounds to Plaintiff's request to produce the physical equipment itself. (Id.) Plaintiff fails to address Defendants' objections and merely concludes that the equipment can be removed and provided to him. As previously stated, burden of identifying which responses are in dispute and providing sufficient information so that the Court can discern why he is challenging the response. It is insufficient for Plaintiff to merely attach discovery responses to his motion to compel and claim he is not satisfied and requests a further response. Accordingly, Plaintiff's sixth motion to compel must be DENIED.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's fifth motion to compel, filed April 27, 2015, is DENIED; and
2. Plaintiff's sixth motion to compel, filed May 7, 2015, is DENIED.

IT IS SO ORDERED.

Dated: **June 10, 2015**

UNITED STATES MAGISTRATE JUDGE