UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE THOMAS, a.k.a Horace Bell,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S HEBERLING, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01248-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 117] |

Plaintiff Horace Thomas is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 5, 2015, Plaintiff filed an opposition to the notice of the taking of his deposition and motion for appointment of counsel. Plaintiff previously filed two separate motions requesting appointment of counsel, which were denied. (ECF Nos. 18, 19, 25, 26.)

In the present motion for appointment of counsel, Plaintiff opposes the taking of his deposition by defense counsel and requests the appointment of counsel to represent his interests at the deposition. There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). On January 9, 2015, the Court issued a discovery and scheduling order. Pursuant to that order, Defendants are allowed to depose Plaintiff provided he gives Plaintiff at least fourteen days notice in accordance with Rule 30(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 53.) Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")

Based on the foregoing, Plaintiff's motion for the appointment of counsel must be DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **August 7, 2015**

UNITED STATES MAGISTRATE JUDGE