1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**
9                        **EASTERN DISTRICT OF CALIFORNIA**
10

11  HORACE THOMAS, a.k.a Horace Bell,          )   Case No.: 1:12-cv-01248-AWI-SAB (PC)
                                                )
12                        Plaintiff,            )
                                                )   ORDER DENYING PLAINTIFF'S OPPOSITION
13          v.                                  )   TO DEFENDANTS' NOTICE OF TAKING
                                                )   PLAINTIFF'S DEPOSITION
14  S HEBERLING, et al.,                        )
                                                )   [ECF Nos. 117, 119]
15                        Defendants.           )
                                                )
16  _____   )

17          Plaintiff Horace Thomas is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

18  1983.

19          On August 5, 2015, Plaintiff filed an opposition to Defendants' notice of taking Plaintiff's

20  deposition.  Plaintiff also requests the appointment of counsel.  (ECF No. 117.)

21          On August 7, 2015, the Court denied Plaintiff's request for the appointment of counsel.  (ECF

22  No. 118.)

23          On August 7, 2015, Defendants filed a reply to Plaintiff's opposition to taking of his

24  deposition.  (ECF No. 119.)  For the reasons explained below, Plaintiff's opposition to Defendants'

25  notice of taking his deposition has no merit and Plaintiff is required to attend the deposition as noticed

26  by Defendants.

27          On January 9, 2015, the Court issued a discovery and scheduling order.  (ECF No. 53.)  The

28  discovery deadline is set for September 9, 2015.  The order also provided that Defendants could

                                        1

1    depose Plaintiff upon service of notice of the deposition at least fourteen days prior to the deposition

2    date.

3         On July 29, 2015, Defendants timely noticed Plaintiff's deposition to take place on September

4    1, 2015.  (ECF No. 117 at 3-4.)  Plaintiff opposes Defendants' notice of deposition.

5         In the deposition notice, Defendants requested that Plaintiff bring certain categories of

6    documents to his deposition.  (ECF No. 117 at 3-4.)  Plaintiff indicates that he has no documents

7    responsive to Defendants' requests, and therefore he cannot attend his deposition.  (Id. at 1-2.)

8    Plaintiff also argues that defense counsel should "cooperate and provide Plaintiff a copy of all

9    documents contested and all the documents requested to be produced by Plaintiff."  (Id. at 2.)

10        Plaintiff has not presented a valid justification for being relieved of his obligation to attend and

11   meaningfully participate in his timely-noticed deposition, as required by the Federal Rules of Civil

12   Procedure and this Court's discovery and scheduling order.  If Plaintiff is not in possession of any

13   documents responsive to the requests set forth in Defendants' notice of deposition, Plaintiff is under

14   no obligation to bring any documents to his deposition.  However, Plaintiff is required to attend and

15   provide deposition testimony under oath.  To the extent, Plaintiff contends defense counsel should be

16   required to produce documents to him, Defendants submit that they have answered all of Plaintiff's

17   discovery requests by way of substantive answers or valid objections, and this Court has previously

18   denied all six of Plaintiff's motions to compel additional discovery.  (ECF Nos. 103, 106, 107, 115.)

19   Defendants are therefore under no obligation to produce additional discovery to Plaintiff.

20   Furthermore, pursuant to the Court's discovery and scheduling order all written discovery requests are

21   due forty-five days after the request is served, and all discovery must be served sufficiently in advance

22   of the discovery deadline to permit time to file a response and any corresponding motion to compel.

23   In this case, all written discovery was required to be served by July 26, 2015, at the latest.

24        There is also no valid justification for Plaintiff's request to delay his deposition by sixty days.

25   The discovery deadline is September 9, 2015, and Defendants are required to depose Plaintiff by that

26   date.  Plaintiff has not requested nor does Plaintiff present good cause for modification of the

27   discovery and scheduling order, and there is no basis to delay the taking of his deposition by sixty

28   days.

Based on the foregoing, Plaintiff's opposition to Defendants' notice of the taking of his deposition on September 1, 2015, is DENIED.  Plaintiff is required to attend and meaningfully participate in his timely-noticed deposition, and Plaintiff is advised that failure to attend and/or cooperate in his deposition may result in the imposition of sanctions, including monetary sanctions and/or dismissal of the action.

IT IS SO ORDERED.

Dated:   **August 18, 2015**

UNITED STATES MAGISTRATE JUDGE

3