UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE THOMAS, a.k.a Horace Bell,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>S HEBERLING, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-01248-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 120] |

　　　　Plaintiff Horace Thomas is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On August 17, 2015, Plaintiff filed a fourth motion for the appointment of counsel. Plaintiff previously filed three motions for appointment of counsel, which were denied. (ECF Nos. 18, 19, 25, 26, 117, 118.)

　　　　There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id.  (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff merely alludes in one sentence to the fact that he is diabetic and is suffering from diabetic nerve pain in feet.  Plaintiff has not presented exceptional circumstances to warrant the appointment of counsel.  Even considering Plaintiff's diabetic condition, he is presently able to file documents in this case and articulate his claims.  While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")

Based on the foregoing, Plaintiff's motion for the appointment of counsel must be DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **August 18, 2015**

UNITED STATES MAGISTRATE JUDGE

2