# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. HEBERLING, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01248-AWI-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S FIFTH MOTION FOR APPOINTMENT OF COUNSEL AND DENYING REQUEST TO STRIKE DEPOSITION AND FOR SANCTIONS<br><br>[ECF NO. 123] |

    Plaintiff Thomas is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 8, 2015, Plaintiff filed a motion for the appointment of counsel. (ECF No. 123.) Plaintiff also seeks to strike his deposition and impose monetary sanctions.

    This is Plaintiff's fifth motion for the appointment of counsel. Plaintiff first requested counsel on March 25, 2013, on the ground that retaliation was ongoing. (ECF No. 18.) Plaintiff's second request, filed on August 21, 2013, was on the ground of indigency. (ECF No. 25.) Plaintiff's third request, filed on August 5, 2015, was on the ground that Plaintiff opposed the taking of his deposition. (ECF No. 117.) Plaintiff's fourth request, filed on August 17, 2015, referred to his medical condition. (ECF No. 120.) Plaintiff's fifth request for counsel, currently before the Court, is on the ground that Plaintiff objects to documents defense counsel referred to in Plaintiff's deposition. (ECF No. 123.) All previous requests for counsel were denied on the ground that exceptional circumstances did not exist which is still the case today.

    Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States

District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 195(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff objections to documents referred to by defense counsel in his deposition, and contends that defense counsel has "mislead the court." For reasons noted below, Plaintiff's motion to strike the deposition and for sanctions should be denied. Regarding Plaintiff's fifth request for the appointment of counsel, the difficulties experienced by Plaintiff in being deposed do not constitute exceptional circumstances.

While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.")

Plaintiff also seeks to strike the deposition and to impose sanctions for the conduct of defense counsel. Regarding any objections to the deposition, the procedure available to Plaintiff is set forth in Federal Rule of Civil Procedure 30(c)(2). Plaintiff also has the opportunity to review a transcript of the deposition and sign a statement listing any changes and the reasons for making them. Rule 30(e)(1). As to Plaintiff's request for sanctions, Plaintiff has not made a

showing that defense counsel has impeded, delayed or frustrated the fair examination of Plaintiff. Federal Rule of Civil Procedure 30(d)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is DENIED.
2. Plaintiff's request to strike the deposition and for sanctions is DENIED.

IT IS SO ORDERED.

Dated: **September 10, 2015**

UNITED STATES MAGISTRATE JUDGE

3