UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE THOMAS, a.k.a Horace Bell,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S HEBERLING, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-01248-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>[ECF No. 87] |

　　　　Plaintiff Horace Thomas is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This action is proceeding on Plaintiff's claim that Defendants Heberling, Nesmith, and Scheer told gang members to assault him because he is a "rat" and a "snitch."

　　　　On April 10, 2015, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust the administrative remedies. Plaintiff filed an opposition on April 20, 2015, and Defendants filed a reply on April 28, 2015. (ECF Nos. 94, 96.) Pursuant to Local Rule 230(*l*), the motion is deemed submitted upon the record without oral argument.

///

///

///

///

1

# I.

# DISCUSSION

### A. Motion for Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323).  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence."  Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657

F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).  The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### B. Exhaustion under the Prisoner Litigation Reform Act

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings.  Albino, 747 F.3d at 1170.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).  Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal

level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

"[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." Jones v. Bock, 549 U.S. 199, 219 (2007). "The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. In California, the courts have previously found that CDCR guidelines do not need to identify the defendants by name because the proper form and CDCR regulations do not require identification of specific individuals. See, e.g., Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005). However, as of January 2011, inmates are required to list all staff members involved and describe their involvement, include only one issue or related set of issues per appeal, and "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a)(1)-(4) (Jan. 28, 2011).

### C.  Allegations of Complaint

While Plaintiff was housed at California Substance Abuse Treatment Facility and State Prison in Corcoran, California, Defendants S. Heberling, J. Scheer, and Nesmith told gang members to attack Plaintiff in the yard because he is a "rat" and a "snitch."

### D.  Statement of Undisputed Facts[1]

1. Plaintiff, Horace Thomas, initiated this lawsuit on March 21, 2012, in the Kings County Superior Court.

---

[1] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed. Local Rule 56-260(b). Therefore, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified amended complaint and verified opposition. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence); see also Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

2. Defendants removed this case to this Court on July 27, 2012.

3. The Court screened Plaintiff's complaint, found that it stated no cognizable claims for relief, and directed Plaintiff to file an amended complaint.

4. Plaintiff filed an amended complaint on November 20, 2013.

5. Following screening of Plaintiff's amended complaint, Plaintiff proceeds on his Eighth Amendment claim that Defendants Heberling, Nesmith, and Scheer, employees at California Substance Abuse Treatment Faclity (SATF) in Corcoran, California, had gang members assault Plaintiff because he is a "rat" and a "snitch." There are no other claims at issue in this case.

6. An appeal concerning such allegations would be considered a non-medical appeal.

7. Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation, and he was housed at SATF from May 13, 2011 through August 24, 2012. Plaintiff has not been re-housed at SATF since that time period.

8. Before he was housed at SATF, Plaintiff was housed at Kern Valley State Prison from December 29, 2006, through May 13, 2011.

9. At all times relevant to this lawsuit, Defendants were employees at SATF. Heberling was a correctional sergeant, and Nesmith and Scheer were correctional officers.

10. Plaintiff submitted twenty-one appeals that were accepted and adjudicated at the first or second level of review arising from non-medical incidents or issued during his incarceration at SATF from May 13, 2011 through August 24, 2012.

11. Of those twenty-one appeals, eleven were exhausted by Plaintiff through the third level of review.

12. Of those twenty-one appeals, only one concerned allegations even remotely similar to the allegations in Plaintiff's complaint.

13. That appeal was assigned institutional log number SATF-Z-03647.

14. Institutional appeal log number SATF-Z-03647 was pursued by Plaintiff only through the first level of review.

15. In institutional appeal log number SATF-Z-03647, Plaintiff complained that correctional officer McKesson placed his life in danger by telling other inmates that Thomas is a "rat." Plaintiff further complained that he was "assaulted due to set up by staff," and that staff told officer McKesson that "[Plaintiff] likes to tell." Plaintiff further explained that the "only other staff involved in setting [him] up" were sergeant Jones, correctional officer Garza, correctional officer White, correctional officer Avila, correctional officer Busch, and correctional officer Shaw. Plaintiff named no other SATF staff in this appeal. The appeal was partially granted at the first level of review, in that Plaintiff's complaint was investigated, and it was determined that staff did not violate CDCR policy.

16. No appeal was accepted or adjudicated at the first or second levels of review concerning the specific allegations against sergeant Heberling, and officers Newsmith and Scheer as described in Plaintiff's complaint.

17. Other than institutional appeal log number SATF-Z-03647, the appeals office at SATF did not accept and adjudicate any other appeals at the first or second level of review concerning any claim by Plaintiff that SATF staff set him up to be assaulted for being a "rat."

18. Of the eleven appeals Plaintiff exhausted at the third level of review arising from incidents or issues at SATF while he was incarcerated there during 2011-2012, none concerned allegations that any staff member at SATF set Plaintiff up to be attacked or assaulted by any person because he is a "rat" or a "snitch," or for any other reason.

19. At all times during Plaintiff's incarceration at SATF from May 13, 2011, through August 24, 2012, through the present, CDCR has had in place an administrative appeal process for all inmates.

20. Plaintiff has used the inmate appeal process extensively while incarcerated and in the custody of the CDCR.

21. Plaintiff acknowledged in his amended complaint, which was signed under the penalty of perjury, that an administrative remedy process was available to him.

6

22. Plaintiff alleged in his amended complaint that he had exhausted all facts alleged in his amended complaint.

23. With regard to exhaustion, Plaintiff affirmatively represented in his amended complaint that an administrative appeal concerning all facts alleged in his amended complaint had been denied at all three levels of review.

24. For the first time, after Defendants answered Plaintiff's complaint and presented the affirmative defense of exhaustion, Plaintiff represented to the Court that his administrative remedies were unexhausted.

25. Plaintiff sought an order from the Court requiring SATF to "process[] administrative remedy." The Court construed Plaintiff's motion as a request for injunctive relief.

26. Plaintiff attached to his motion what he purported to be a "hand copy" of the appeal he wished to pursue, dated May 7, 2012.

27. The appeal bears no stamp indicating that it was ever received by the Appeals Office at SATF.

28. This Court denied Plaintiff's motion for injunctive relief.

29. In his objections to this Court's denial of the injunctive relief sought, Plaintiff conceded that he has not exhausted the claims in the instant lawsuit, stating that "the unprocessed 602 appeal does prevent … the Court's ability to grant effective relief in this pending action Bell v. Heberling."

**E.     Parties' Positions**

Defendants move for summary judgment on the ground that the undisputed evidence demonstrates that Plaintiff did not exhaust the available administrative remedies prior to filing suit. Defendants further argue that Plaintiff's claim that he filed a grievance but never received a response is not credible as Plaintiff has failed to proffer any competent, admissible evidence that would prove he was unable to exhaust administrative remedies and no dispute of fact exists.

Plaintiff claims that he attempted to submit a grievance challenging the conduct by Defendants Nesmith, Scheer, and Heberling on May 7, 2012, but he received no response. Plaintiff also contends

that he submitted three subsequent inquiries acquiring of the status of such appeal and received no response.

**F.     Findings**

As previously stated, the alleged action in this case took place while Plaintiff was incarcerated at SATF, and at all times relevant to this lawsuit, Defendants were employees at SATF.  Defendants present that Plaintiff submitted twenty-one appeals that were accepted and adjudicated at the first or second level of review arising from non-medical incidents or issued during his incarceration at SATF between May 13, 2011 through August 24, 2012.  (ECF No. 87-4, Declaration of J. Corral (Decl. J. Corral) ¶ 10.)  Of the twenty-one appeals, eleven were exhausted by Plaintiff through the third level of review.  (Id.)  Only one of the twenty-one appeals, concerned allegations similar to the allegations in Plaintiff's complaint. (Id. at ¶ 11.)  That appeal was assigned institutional log number SATF-Z-03647. (Id. at ¶ 12.)

Inmate Appeal log number SATF-Z-03647 was reviewed only through the first level of review.  In that appeal, Plaintiff complained that correctional officer McKesson placed his life in danger by telling other inmates that Plaintiff is a "rat."  (Decl. J. Corral ¶ 12.)  Plaintiff further complained that he was "assaulted due to set up by staff," and that staff told officer McKesson that [Thomas] likes to tell."  (Id.)  Plaintiff further explained that the "only other staff involved in setting [him] up" were sergeant Jones, correctional officer Garza, correctional officer White, correctional officer Avila, correctional officer Busch, and correctional officer Shaw.  (Id.)  The appeal was partially granted at the first level of review, in that Plaintiff's complaint was investigated and it was determined that staff did not violate CDCR policy. (Id.)

Defendants submit that no appeal was accepted or adjudicated at the first or second levels of review concerning the specific allegations set forth in Plaintiff's complaint against Defendants Heberling, Nesmith and Scheer.  (Decl. J. Corral ¶ 13.)  If an appeal had been received but was cancelled or screened out as defective, it would have been stamped as received by the SATF Appeals Office, and the stamped copy would have been returned to Plaintiff with a letter instructing him how to correct the defect and resubmit the appeal within the statutory time frame.  (Decl. J. Corral ¶ 13;

1  ECF No. 87-5, Declaration of M. Voong (Decl. of M. Voong) ¶ 6.)  Such an appeal submitted directly
2  to the third level of review would have been handled in the same way.  (Id.)
3        Other than the institutional appeal log number SATF-Z-03647, the appeals office at SATF did
4  not accept and adjudicate any other appeals at the first or second level of review concerning any claim
5  by Plaintiff that SATF staff set him up to be assaulted for being a "rat."  (Decl. J. Corral ¶ 14.)  Of the
6  eleven appeals Plaintiff exhausted at the third level of review concerning incidents or issues at SAFT
7  from 2011 through 2012, none concerned allegations that any Defendants (or any other staff members)
8  at SATF set Plaintiff up to be attacked or assaulted by any person because he is a "rat" or a "snitch,"
9  or for any other reason.  (Decl. of M. Voong ¶ 10.)
10        In his amended complaint, filed November 20, 2013, Plaintiff acknowledged that an
11  administrative remedy was available to him.  (ECF No. 24, First Amd. Compl. at 3.)  Plaintiff also
12  represented to the Court, under penalty of perjury, that he exhausted an administrative appeal at all
13  three levels of review concerning all facts alleged in the amended complaint.  (Id.)  Indeed, Plaintiff
14  wrote, "Denied on first level[,] Denied on second level[, and] Denied on Director's level."  (Id.)
15        Defendants filed an answer to Plaintiff's first amended complaint on January 8, 2015, and
16  asserted the affirmative defense of failure to exhaust the administrative remedies.  (ECF No. 52,
17  Answer at 2.)
18        Thereafter, on January 26, 2015, by way of filing a motion to compel, Plaintiff claimed that he
19  submitted an appeal, which was attached as an exhibit to the motion, directly to the Appeals Office at
20  SATF, but he received no response.  (ECF No. 58, Mot. at 1, Ex. A.); Williams v. Paramo, ___ F.3d
21  ___, No. 13-56004, 2015 WL 74144, at *7 (Jan. 9, 2015).  In his filing of the motion to compel,
22  Plaintiff sought injunctive relief in the form of a court order directing SATF officials to process his
23  appeal.  (Id.)  The Court denied Plaintiff's request.  (ECF Nos. 60 (Findings and Recommendation), 72
24  (Order Adopting Findings and Recommendation).)  Plaintiff contends that he attempted to further
25  exhaust the administrative remedies by way of injunctive relief and concludes he "made every effort to
26  exhaust administrative remedies," and "any further effort was futile."  (ECF No. 94, at 1, 3.)
27        Plaintiff submits inmate appeal, dated May 7, 2012, which is self-labeled as a staff complaint
28  and states the following:

> On 5-7-12, Sgt. Heberling, officer Scheer, Officer Nesmith, had 25'ers 2 of them assault appellant braking [sic] appellant's glass wear and fracturing bone under the left eye. These employees retaliated due to a lawsuit filed by appellant. 25'ers are a protective custody gang, allowed to flourish on the yards.

(ECF No. 58, Mot. Ex. A.) Plaintiff also submits three CDCR 22 forms (inmate request for interview) he contends he submitted to the SATF appeals coordinator on July 27, 2012, October 28, 2012, and January 14, 2015, but received no response. (Id. Exs. B-D.)

As an initial matter, and *dispositive* of Plaintiff's claim that he did not exhaust the administrative remedies, is the fact that it is apparent from the face of Plaintiff's first amended complaint that the alleged assault and action complained of against Defendants took place on February 10, 2013.[2] In his opposition to the instant motion, Plaintiff argues "[t]here is a genuine issue for trial[,] The assault May 2012 by 25er uncontrolled gang members on SNY yards. The brutal assault Feb 2013 and hospitalization and irrepa[r]able harm injury." (ECF No. 94, Opp'n at 3:18-21.) However, the only time Plaintiff mentioned an assault claim arising in May 2012, is by of a motion to amend, filed March 4, 2015 (ECF No. 70), approximately a year and a half after the filing of the first amended complaint on November 20, 2013, on which this action proceeds. Plaintiff's motion to amend was denied on May 13, 2015. (ECF No. 102).

In the first amended complaint, Plaintiff also raised an Eighth Amendment claim and Amercians with Disabilities Act (ADA) claim in which he alleged from September 2011 through December 29, 2012, Defendants Nesmith, Heberling, and Scheer did not provide him with caregiver assistance because caregivers were lazy and because they were friends with Defendants. (ECF No. 34, First Amd. Compl. at 4-6.) This claim was dismissed from the action for failure to state a cognizable claim for relief. (ECF Nos. 36, 42.) Plaintiff cannot now attempt to bootstrap a separate and distinct claim (by way of inmate appeal) arising on May 7, 2012, when the first amended complaint alleged a claim arising only on February 10, 2013, on which this action proceeds.

///

---

[2] The initial complaint filed in state court on March 21, 2012, and removed to this Court on July 27, 2012, did not allege a claim that Defendants labeled Plaintiff a "snitch" and "rat" in an effort to have him assaulted by gang members.

10

Further, and also *dispositive* of Plaintiff's claim that he did not exhaust the administrative remedies, the appeal, dated May 7, 2012, bears no stamp indicating that it was ever submitted and received by the Appeals Office. Indeed, Plaintiff acknowledges and noted in the upper left corner of the appeal that it is a "hand copy," indicating it is a newly prepared handwritten appeal, not a photocopy of Plaintiff's alleged original appeal. Defendants object properly to the exhibits for lack of authentication.

"'Unauthenticated documents cannot be considered in a motion for summary judgment,'" and "[t]he authentication of a document requires 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 532-533 (9th Cir. 2011) (quoting Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Evid. 901(a)). An inquiry into authenticity concerns the genuineness of an item of evidence, not its admissibility. Orr, 285 F.3d at 776. Rule 901 of the Federal Rules of Evidence provides that evidence may be authenticated by "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances," Fed. R. Evid. 901(b)(4), and documents may be authenticated by review of their contents if they appear to be sufficiently genuine, Las Vegas Sands, LLC, 632 F.3d at 533 (citing Orr, 285 F.3d at 778 n.24) (quotation marks omitted).

Courts generally view objections based on authentication skeptically in the absence of an indication that the document's authenticity is genuinely in dispute, Chamberlain v. Les Schwab Tire Center of California, Inc., No. 2:11-cv-03105-JAM-DAD, 2012 WL 6020103, at *2 (E.D. Cal. Dec. 3, 2012); Burch v. Regents of the University of California, 433 F.Supp.2d 1110, 1120-1121 (E.D. Cal. 2006), and objections to prison records which are clearly what they purport to be are routinely overruled under Rule 901(b)(4), see, e.g., Thomas v. Quintana, No. CV 10-2671-JGB (CWX) (official Bureau of Prisons logs and records maintained in the ordinary course of business); Howard v. Wang, No. 1:10cv01783 AWI DLB PC, 2014 WL 3687728, at *3 (E.D. Cal. Jul. 24, 2014) (prison records maintained in inmate's central and medical files), findings and recommendations adopted in full, 2014 WL 5483739 (E.D. Cal. Nov. 19, 2014); Abdullah v. CDC, No. CIV S-06-2378 MCE JFM P, 2010 WL 4813572, at *3 (E.D. Cal. Nov. 19, 2010) (finding no objection for lack of foundation and

1  authentication unavailing where the records were from the plaintiff's prison file and they were created
2  and maintained by prison officials), findings and recommendations adopted in full, 2011 WL 489599
3  (E.D. Cal. Feb. 7, 2011); Sanchez v. Penner, No. CIV S-07-0542 MCE EFB P, 2009 WL 3088331, at
4  *5 (E.D. Cal. Sept. 22, 2009) (overruling lack of foundation and proper authentication objections to
5  prison medical records submitted by the plaintiff).  In this case, however, Plaintiff admittedly presents
6  a handwritten copy of an inmate appeal dated May 7, 2012, on which he wrote in the upper left hand
7  corner "Hand Copy."  The CDCR 22 forms also indicate "Hand Copy."  The CDCR forms Plaintiff
8  purports to have filled out and submitted to prison officials on May 7, 2012, July 27, 2012, October
9  28, 2012, and January 14, 2015, respectively, do not contain any indicia of official receipt or other
10 distinctive characteristics sufficient to support a finding that they are what they purport to be.  There is
11 no way for the Court to determine (and Plaintiff does not provide any detail) as to when and how the
12 forms were submitted.  Plaintiff merely contends in conclusory fashion that "prisons have a history of
13 abuse dishonesty [sic] and dereliction of duty, the Attorney Generals [sic] Officer routinely mislead
14 [sic] the court."  (ECF No. 94, Opp'n at 3-4.)  Documents may be authenticated through personal
15 knowledge where they are attached to an affidavit and the affiant is a competent witness who wrote
16 the document, signed it, used it, or saw others do so.  Fed. R. Evid. 901(b)(1); Las Vegas Sands, LLC,
17 632 F.3d at 553 (citing Orr, 285 F.3d at 773.)  Moreover, Plaintiff's competence to testify about
18 matters within his personal knowledge may be inferred from his declaration.  Strong v. Valdez Fine
19 Foods, 724 F.3d 1042, 1045 (9th Cir. 2013); Barthelemy v. Air Line Pilots Ass'n, 897 F.2d 999, 1018
20 (9th Cir. 1990) (per curiam).  However, Plaintiff's opposition does not lay an adequate foundation to
21 authenticate the appeal and the request forms.  Even considering the leniency to Plaintiff is entitled
22 given his pro set status, Plaintiff's opposition contains only bare statements that he was denied his
23 right to appeal, he used the required form and submitted the appeal within 30 days, and "prisons have
24 a history of abuse dishonesty [sic] and dereliction of duty, the Attorney Generals [sic] Officer
25 routinely mislead [sic] the court."  (ECF No. 94, Opp'n at 3-4.)  There are no facts as to the date on
26 which he allegedly submitted the forms, how he submitted the forms, to whom he submitted the forms,
27 and the forms themselves lack any indicia of genuineness, as previously discussed herein.
28 Accordingly, Defendants' motion for summary judgment should be granted.

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be GRANTED; and
2. This action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 17, 2015**

UNITED STATES MAGISTRATE JUDGE